IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E.S. WELCH, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 05-0246-WS-M |
| | ) |
| PROBATE COURT OF ESCAMBIA COUNTY, et al., | ) ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    The complaint in this action was filed in the Middle District of Alabama on April 11, 2005 and transferred to this Court on April 21, 2005. Although the action has now been pending over eight months, the plaintiff has not perfected service of process. Accordingly, the Court offered the plaintiff the opportunity to show cause why this action should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

    The plaintiff has responded that he has "served civil summons on all parties," (Doc. 5 at 1), but the file reflects that he has not attempted even to obtain summonses in this Court. The docket sheet from the Middle District reflects that he did not obtain summonses in that Court, and the Clerk's office has confirmed this fact. The plaintiff has thus failed to show good cause for his failure to perfect service.

    Absent such a showing, Rule 4(m) requires the Court either to "dismiss the case without prejudice" or "direct that service be effected within a specified time." A court has discretion which option to select, and circumstances that may influence its choice include misconduct by the defendant in evading service or concealing defects in service, the defendant's actual notice of the pendency of the lawsuit, and the expiration of the statute of limitations after suit was filed. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005). The plaintiff has provided no indication that any of these circumstances are present or that any others favor an

extension of time to perfect service.[1]

Nor can the Court discern any justification for allowing this action to proceed after more than eight months of complete inactivity. It is true that the plaintiff is representing himself, but "both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se. status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005). Nor is the plaintiff a novice at litigation, having filed almost a dozen lawsuits in this Court and, judging by the attachments to his complaint, untold others in other courts as well.

For the reasons set forth above, this action is **dismissed without prejudice**.

DONE and ORDERED this 12th day of December, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, although the plaintiff's unorthodox complaint and attachments are at times difficult to decipher, it appears that he is challenging conduct he railed against in documents ranging from January 2000 to March 2002. It is thus doubtful that this action was brought within any applicable statute of limitations to begin with.